(Darke Co. Common Pleas Court, 1897.)

OSCAR F. DAVISON, Treasurer, etc., v. J. H. SPITLER.

---

*Tax Duplicate received as prima facie evidence—*
(1). The tax duplicate shall be received as prima facie evidence upon the trial of the amount and validity of the taxes appearing due and unpaid thereon—that is, in the absence of evidence to rebut this presumption of the validity of the taxes as charged and assessed upon the tax duplicate against the defendant.

*Burden of proof is upon defendant—*
(2). In an action to recover taxes alleged to be due and unpaid for a period of six years, the defendant alleged that he had returned all his taxable property to the assessor, and that the taxes have been fully paid. This allegation was denied by plaintiff in his reply: Held, that defendant has the burden of proof upon the allegation set forth by him, and, therefore, he must establish his claim that he did return all his taxable property to the assessor: otherwise, plaintiff will be entitled to recover a verdict for some amount which would depend entirely upon the amount of taxable property defendant has failed to return to said assessor during any of said years.

*When an agent is bound to list credits for taxation—*.

---

*Charge to Jury.*
SMITH, J.

Amended Petition.

"The plaintiff, Oscar F. Davidson, says that he is the duly elected, qualified, and present acting treasurer of the county of Darke and state of Ohio.

"The plaintiff further says that personal taxes to the amount of $1,425.44 stand charged against the said defendant J. H. Spitler on the duplicate of taxes of said county of Darke, placed in the hands of this plaintiff for collection by the auditor of said county, which said taxes are due and unpaid; and the said defendant is indebted to the said Oscar F. Davidson,

as treasurer of said county, in the said sum of $1,425.44, charged against the said defendant J. H. Spitler, as taxes as aforesaid, which taxes are for the years following, to-wit:

| Year | Amount | Penalty | Total | Rate Mills | Tax |
|------|--------|---------|-------|------------|-----|
| 1890 | $4,400 | $2,250 | $6,750 | 22.2 | $149.85 |
| 1891 | 4,950 | 2,475 | 7,425 | 23.6 | 175.23 |
| 1892 | 6,900 | 3,450 | 10,350 | 23.2 | 240.12 |
| 1893 | 8,620 | 4,310 | 12,930 | 22.6 | 292.22 |
| 1894 | 7,840 | 3,920 | 11,760 | 21.6 | 254.02 |
| 1895 | 8,870 | 4,435 | 13,305 | 23.6 | 314.00 |

Total.....................$1,425.44

"The plaintiff further says that of the above amount of taxes the sum of $314.00 became due and payable since the commencement of this suit,

"Wherefore, this plaintiff says there is due to him, as such treasurer, from the said defendant J. H. Spitler, the sum of $1,425.44, together with interest on $1,111.44 from October 23, 1895, and on $314 from December 20. 1895. He therefore prays judgment against said defendant for said sum of $1,425.44, together with the interest as aforesaid, and for his cost.

"Oscar F. Davison,, Treasurer,
by A. C. Robeson & J. C. Elliott,
Attorneys."

#### Amended Answer.

"The defendant J. H. Spitler, for his amended answer to the second amended petition, says, that he admits that the said plaintiff is the qualified and acting treasurer of the said county of Darke, and that personal taxes to the amount of $1,425.44 appear upon the tax duplicate in the hands of the asid plaintiff as charged against said defendant; but he denies the allegation, that the said defendant is indebted to the said Oscar F. Davison as treasurer of said county in said sum of $1,425.44, or any part thereof, and he denies each and every allegation of said amended petition not herein admitted or denied.

"This defendant further denies that the said plaintiff nor as assessor ever returned against him for each, or any of said years, the said sums mentioned in said plaintiff's second amended petition. On the contrary he says, that the said defendant J. H. Spitler, for each and all of said years, returned all his taxable property to the assessor, and the said returnrs were properly reported to the auditor of the said county, and by him placed on the tax duplicate, and that the taxes levied against the same for each and all of said years have been fully paid by the defendant.

"Wherefore he asks to be discharged.
".J H. Spitler,
by J. I. Allread and
D. P. Irwin,
Attorneys."

#### Reply.

"The plaintiff for his reply to the amended answer of the defendant herein says, he denies that said J. H. Spitler, for each and all the years, 1890, 1891, 1892, 1893, 1894 and 1895, and for any of said years, listed all his taxable property to the assessor, or to any other officer, for the purpose of taxation. And he denies each and every allegation in said amended answer contained, which is not denied by the averments of his petition.

"Wherefore, plaintiff prays for the judgment demanded in his amended petition.
"O. F. Davison, Treasurer,
by Elliott & Robeson,
Attorneys."

The defendant, J. H. Spitler, you will notice, admits that plaintiff is the qualified and acting treasurer of Darke county, O., and that personal taxes to the amount of $1,425.44 appear upon the tax duplicate in the hands of said plaintiff, charged against him. These facts being admitted, it was not necessary for the plaintiff to offer testimony to show that he is the duly qualified and acting treasurer of this county; or that said amount of taxes, viz., $1425.44, stand charged against defendant upon the tax duplicate; or that said taxes are legally assessed and charged against said defendant.

The law provides that the tax duplicate shall be received as prima facie evidence upon the trial of the amount and validity of the taxes appearing due and unpaid thereon. That is, in the absence of evidence to rebut this presumption of the validity of the tax so charged and assessed upon the tax duplicate against the defendant—said charge, upon said duplicate as alleged by plaintiff being admitted by defendant—plaintiff would be entitled to recover the amount claimed in his petition. The burden of proof is therefore upon the defendant; and the issue for you to try is made upon the amended answer of defendant and plaintiff's reply thereto.

The defendant alleges that for each and all of said years mentioned in plaintiff's second amended petition, the said J. H. Spitler returned all his taxable property to the assessor, and said returns were properly reported to the auditor of said county and the taxes levied against the same for each and all of said years have been fully paid by him. This allegation plaintiff denies in his reply. Defendant has therefore the burden of proof upon the allegation just set forth. By this is meant that the preponderance of the evidence must tend to establish his claim that he did return all his taxable property to the assessor; otherwise, plaintiff would be entitled to recover a verdict for some amount which would depend entirely upon the amount of taxable property defendant has failed to return to said assess or during any of said years

1890, 1891, 1892, 1893, 1894 and 1895, as to which I shall call your attention hereafter in this charge. ' While it is not disclosed in the pleadings, no claim is made that defendant has not for said years made due and proper return of certain of his property, such as horses, carriages, household goods, and the like, but the issue made upon the testimony relates to credits, alleged to have belonged to said defendant during said years, including various notes secured by mortgages, and credits in the nature of accounts and notes due defendant in his business as a physician.

It is not claimed that defendant has failed to pay the taxes assessed against property returned by him to the assessor. The woble claim of the plaintiff is based upon the alleged failure of the defendant to return to the assessor the credits above referred to.

It is for the defendant to satisfy you by a preponderance of the evidence, that he returned all his taxable property during said years to the assessor. A preponderance of the evidence relates to the weight the evidence, and not to the number of witnesses.

Before you can return a verdict for the defendant, finding that he is not indebted to the plaintiff in any amount, you must be satisfied that the evidence, tending to establish the defendant's claim that he returned all his taxable property to the assessor, is of greater weight than the opposing evidence.

A preponderance of the evidence exists when the evidenec tending to establish the claim of the party upon whom the burden of proof rests—the defendant in this case—is more convincing as proof of such claim than the opposing evidence: Hence it is not a question of the number of witnesses, but is to be determined without reference to the number of witnesses produced on either side.

If you find the preponderance of the evidence does not tend to establish defendant's claim that he returned all his taxable credits to the assessor, and find that defendant did not return his taxable credits to the assessor during said years in the amount claimed for said several years respectively in the petition, your verdict will be in favor of the plaintiff for the amount, with interest, as claimed in the petition.

If you find that the preponderance of the evidence does tend to establish defendant's claim that during said years he returned all his taxable credits to the assessor, your verdict will be for the defendant.

You are the sole judges in determining the weight of the evidence and the credibility of the witnesses. You may consider interest in the result of the action, bias or prejudice, if any; self-contradiction, if any; the manner and demeanor of witnesses upon the witness stand. When the testimony is conflicting, you are to reconcile such testimony if you can; but, if you cannot, you must determine with whom the truth lies, and who testify truthfully, and who falsely. The law provides that every person of full age and sound mind, shall return for taxation amongst other things the property of which he is the owner, and all moneys invested, loaned, or otherwise controlled by him as agent or attorney, or on account of any person or persons, company or corporations whatsoever, and all credits due and owing from any person or persons, body corporate or politic, whether in or out of such county.

The defendant therefore was required to return all of his personal property, all moneys invested, loaned, or otherwise controlled by him as agent or attorney, or on account of any person or persons whatsoever, and all credits due and owing from any person or persons, whether in or out of Darke county, at their true value. That is, if defendant J. H. Spitler, was the owner of the moneys loaned, upon notes and mortgages, to the persons in Montgomery, Preble and Darke counties, claimed by him to have been the moneys of his brother S. W. Spitler, it was his duty to return the same at their true value for taxation; or if he did not own all of said moneys, but owned a part thereof, it was his duty to return such part for taxation at its true value. Defendant was entitled to deduct from the total sum of all his credits for any of said years, the total sum of bona fide debts for any such years; with this excep'ion he was bound and required to make a full return of all his credits for each of said years, at their true value; and this would include all cedits due from persons. whether residing in or out of Darke county. It would also include all credits at their true value due upon book accounts; but he would not be required to return for taxation credits of any kind which were worthless or uncollectible.

To the extent of the true value of his credits, whether in the nature of notes, mortgages, book accounts,—whether owned by persons within or without this county, less bona fide debts, he was bound and required each year to make return for taxation.

If he did so, he has fully complied with the requirement of the law and is not liable in this action.

If he failed to do so, during said years above named, or any of them, then to the extent of such failure he is liable in this action. As to the amount of the recovery in case of defendant's being found liable. I will hereinafter instruct you.

I call your attention to the provision of the law for the return of taxable property controlled by one as agent, or attorney, of any person or persons.

The defendant claims to have acted in making certain loans secured by mort-

gages, for and on behalf of his brother S. W. Spitler, a resident of the state of Kansas.

If you find that the defendant did act as the agent of said S. W. Spitler, in loaning certain moneys of the said S. W. Spitler, though the notes and mortgages were taken in the name of said defendant, yet if said defendant sent or gave the note or notes taken for said loans, whether indorsed or not, to his brother, who held and controlled the same, then defendant was not required to return said moneys.

If on the other hand, defendant acted as the agent of his said brother in taking certain loans, though the notes and mortgages therefor were taken in his own name, and said defendant retained and held the possession and control of said notes and mortgages so taken as aforesaid, as said agent of S. W. Spitler, for the purpose of renewal or collection and re-loaning the same, if collected, defendant was required and bound under the law to make return and list said credits so held for taxation; in such case, he, as agent, would not be entilted to deduct his individual debts.

I call your attention to certain tax lists made by S. W. Spitler in Kansas, offered in evidence. Said lists are only competent to be considered by you so far as they may tend to contradict the testimony of said S. W. Spitler in this case, or affect his credibility as a witness. It is not material in this case whether S. W. Spitler did, or did not, make a proper and legal return of his property for taxation in Kansas; but the returns made by the said S. W. Spitler for taxation in Kansas may be considered by you, so far as they may be found by you to contradict said S. W. Spitler, or affect his credibility as a witness in this case.

If you find from a preponderance of the evidence that defendant did, during each of said years above named, return and list all his taxable property in the nature of credits, then your verdict will be for the defendant.

If you find that the preponderance of the evidence does not tend to establish defendant's claim that he made a proper return of all his taxable credits, then it will become necessary for you to determine the amount of taxable credits for each of said years not returned or listed for taxation. It would be necessary in such case for you to consider each year separately; and having determined the amount of taxable credits for any year not so returned, to such amount so found you are to add fifty per centum, or one-half, by way of penalty, and multiply said sum so increased by said penalty by the rate of taxation for said year, which said rate you will find set forth·in the petition for each of said years.

Having determined in this manner the amount of unpaid taxes for each of the years 1890, 1891, 1892, 1893 and 1894, you will add said several amounts together and compute interest thereon at six per cent. per annum from October 23, 1895. In the same manner you will determine the tax for the year 1895; compute interest thereon at six per cent. per annum from December 20, 1895. The sum of said several amounts, including said amount of interest, would be the amount plaintiff should recover.

Verdict for defendant.

A. C. Robeson and J. C. Elliott, for Plaintiff.

J. I. Allread and D. P. Irwin, for Defendant.